BALISOK & KAUFMAN, PLLC
251 Troy Avenue
Brooklyn, New York 11213
Phone: (718) 928-9607
Fax: (718) 534-9747
Proposed Attorneys for the Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                    Chapter 11

    JUAN ALFARO DESIGN, INC,                   Case No. 19-42177-cec

                        Debtor.
-----------------------------------------------------------X

**EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 AND RULES 4001(b), 4001(d) AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL, AND (II) SCHEDULING A FINAL HEARING**

TO:    **THE HONORABLE CARLA E. CRAIG,**
          **UNITED STATES BANKRUPTCY JUDGE:**

Juan Alfaro Design, Inc., (the "Debtor" or "JAD"), as debtor and debtor-in-possession, hereby moves (the "Cash Collateral Motion") pursuant to Sections 105, 361, 362 and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-2, seeking: inter alia: (i) entry of an emergency interim order and a final order authorizing the Debtor to use cash collateral in accordance with an approved budget; and (ii) a final hearing (the "Final Hearing") on the Motion to be held within twenty (20) days after entry of the entry of the Interim Order to consider entry of a final order (the "Final Order").

**PRELIMINARY STATEMENT**

The Debtor requires the use of Cash Collateral to make necessary payments on a case by case basis. The Debtor further seeks authority to use Cash Collateral going forward on a final basis upon sufficient notice to parties in interest including any creditors' committee, if and when one is appointed by the United States Trustee.

## JURISDICTION

1. This Court has jurisdiction to consider this Cash Collateral Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 105, 361, 362 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001(b), 4001(d) and 9014.

## BACKGROUND

A. **The Bankruptcy Case**

3. On April 10, 2019 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code commencing the instant bankruptcy case (the "Bankruptcy Case").

4. The Debtor continues to operate its business and manage its respective properties as a debtor-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case. As of the date of this Cash Collateral Motion, the United States Trustee has not yet appointed an official committee of unsecured creditors in the Bankruptcy Case.

5. The Court and interested parties are respectfully referred to the Declaration of Juan Alfaro, in Support of First Day Motions, dated April 15, 2019 (the "Alfaro Declaration") for background on the Debtor, its operation, and the events leading to the filing of the Bankruptcy Case.

B. **The Debtor's Business**

6. Juan Alfaro Design, Inc., was founded by Juan Alfaro in November 2009 as a metal design and fabrication business. Since inception, JAD has completed over $14 million in work within the five boroughs of New York City. Its clients are some of the most prominent and reputable retail shops, architects, and designers in the area.

7. JAD was founded upon quality, experience, impeccable references, and best-of class staffing and services. JAD construction services are performed by a staff of team-oriented individuals who share the common goal of exceeding the expectations of JAD's clients. JAD uses leading-edge construction technology combined with hard work to realize its clients' goals and expectations. JAD delivers value through meticulous planning and strong plan execution and maintains a commitment of excellence, client satisfaction, and high value.

8. JAD has grown from a nascent idea in 2009 to a significant specialty metal manufacturer company that currently employs approximately one (1) employee and as many as twenty-seven (27) people, during peak times. Estimated future annual revenues from JAD's jobs is approximately Ten Million ($10,000,000.00) Dollars.

**RELIEF REQUESTED**

9. By this Cash Collateral Motion, the Debtor respectfully requests, pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001(b), 4001(d) and 9014 the entry of an emergency interim and a final order, inter alia: (i) authorizing Debtor to utilize Cash Collateral in accordance with the terms of an approved budget; (ii) modifying the automatic stay; and (iii) scheduling a hearing pursuant to bankruptcy Rule 4001(b).

**AUTHORITY FOR USE OF CASH COLLATERAL**

10. A debtor-in-possession may be authorized pursuant to court order, to use cash

collateral in the ordinary course of its business operations under Bankruptcy Code §§ 363(c) and 1107. The Court may condition such use, pursuant to Bankruptcy Code § 363(e), as is necessary to provide adequate protection of any interest held therein by any entity other than the debtor-in-possession.

11. Courts repeatedly have recognized that use of cash collateral is appropriate where necessary to preserve a debtor's ability to reorganize and thus maximize the value of an estate for all interested parties. See In re Realty Southwest Assoc., 140 B.R. 360, 366 (Bankr. S.D.N.Y. 1992); H.R. Rep. No. 595, 95th Cong., 1st Sess. 344 (1977); 3 Collier on Bankruptcy 363.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006); see also In re Dynaco, 162 B.R. 389, 396; In re Stein, 19 B.R. 458 (Bania. E.D. Pa. 1982). Bankruptcy Rule 4001(b) governs authorization for utilizing cash collateral and provides that the court may permit the debtor-in-possession to use cash collateral prior to a final hearing to the extent necessary to avoid immediate and irreparable harm. After a final hearing held on at least fourteen days' notice, the court may grant the authority to use cash collateral on a permanent basis and other permanent relief requested herein.

12. A Chapter 11 debtor may not use cash collateral unless "(A) each entity that has an interest in such collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

13. The Debtor has determined, in the exercise of its business judgment, with the assistance of its advisors, that it requires the use of cash collateral. The Debtor has an immediate and critical need to use cash collateral to pay, in accordance with the Budget, various parties in the ordinary course of business and/or as authorized by the Court. Among other things, the continued use of Cash Collateral will enable the Debtor to continue to operate its boutique metal fabrication business, maintain relationships with its vendors and creditors, pay its employees,

and satisfy other ordinary operational costs that are essential to preserve estate value by continuing to operate its business in the ordinary course. In the absence of the continued authorization to use Cash Collateral, the Debtor's ability to operate its business will be jeopardized, causing immediate and irreparable harm to the Debtor's estate, creditors, employees, and all other stakeholders by virtue of the loss of significant revenue. Thus, the Debtor's continued use of Cash Collateral is essential in order to enable the Debtor to meet the obligations of their ordinary operating costs and expenses during the pendency of the Chapter 11 Case.

A. **Adequate Protection**

14. Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Permissible forms of adequate protection include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. The purpose of adequate protection is to protect a secured creditor from diminution in the value of its property interest in its collateral during the period of use, sale, or lease. In re Kain, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); see also Delbridge v. Production Credit Assoc. and Fed. Land Bank, 104 B.R. 824, 827-28 (E.D. Mich. 1989); In re Ledgemere Land Corp., 116 B.R. 338, 343 (Bankr. D. Mass. 1990). The appropriate form of adequate protection must be determined on a case-by-case basis. See In re O'Connor, 808 F.2d 1393, 1396 (10th Cir. 1987); In re Martin, 761 F.2d 472, 474 (8th Cir. 1985).

15. Further, use of Cash Collateral will enable the Debtor to preserve, enhance, and realize the value of the Cash Collateral, by allowing the Debtor to continue operations in the near term, thereby enabling the Debtor to continue to collect the proceeds on its ongoing production

projects. As set forth in the Budget, the anticipated receivables that will be generated from the Debtor's ongoing construction projects over the next eight (8) weeks is approximately Three Million Five Hundred Thousand ($3,500,000.00) dollars. The Debtor's ability to continue to create and collect receivables by continuing operations provides additional adequate protection.

B. **Carve-Out**

16. The Debtor respectfully requests that the Court implement a "Carve-Out" from the Adequate Protection. The Debtor proposes that the "Carve-Out" include (i) the quarterly fees and interest thereon required to be paid pursuant to 28 U.S.C. §1930(a)(6); (ii) any fees payable to the Clerk of the Court; (iii) all reasonable fees and expenses incurred by a trustee under Section 726(b) of the Bankruptcy Code in an aggregate amount not to exceed $10,000; (iv) the accrued and unpaid fees and expenses incurred by the professionals retained by the Debtor or any creditors' committee, up to the amounts provided for in the Budget (the "Permitted Professional Fees"); provided, however, that with respect to the foregoing clause (iv), such fees and expenses (A) shall be net of any unused retainers held by the respective professionals; (B) will only be paid to the extent allowed by the Court; and (C) will be subject to the rights of creditors and any other party in interest to object to the allowance thereof.

C. **Budget**

17. In connection with its emergency motion, the Debtor has prepared an eight (8) week budget (the "Budget"), which identifies anticipated receipts and disbursements over the next eights (8) weeks. A copy of the Budget is annexed to the Interim Order as Exhibit A. The Debtor believes the Budget will be adequate, considering all available assets, to pay all administrative expenses due or accruing during the period covered by the Budget.

D. **Termination**

18. The Debtor shall be entitled to use Cash Collateral in accordance with the Budget,

effective upon entry of the Interim Order through the day that is one-day after the date on which the Court schedules a continued hearing on the Cash Collateral Motion (the "Termination Date").

E. **The Automatic Stay Should Be Modified on a Limited Basis**

19. The relief requested herein contemplates a modification of the automatic stay (to the extent applicable) to permit the Debtor to grant the security interests and liens, described above and to perform such acts as may be requested to assure the perfection and priority of such security interests and liens.

20. Stay modifications of this kind are ordinary and standard features of cash collateral motions and, in the Debtor's business judgment, are reasonable and fair under the present circumstances.

F. **Interim Approval Should Be Granted**

21. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than 14 days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

22. Pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct an expedited interim hearing on this motion and (i) authorize the Debtor to use Cash Collateral in on an interim basis in accordance with the Budget, pending entry of a final order, in order to (a) maintain ongoing operations of the Debtors; (b) fund the administration of the Bankruptcy Case; and (c) avoid immediate and irreparable harm and prejudice to the Debtor's estate, business operations and all parties in interest, and (ii) schedule the Final Hearing.

23. The Debtor has urgent and immediate need for cash to continue to operate. Currently, the Debtor does not have sufficient funds with which to operate its business and fund

ongoing construction projects, which is critical to maintaining the value of the Debtor's estate. Absent authorization from the Court to use Cash Collateral, as requested, on an interim basis pending the Final Hearing, the Debtor will be immediately and irreparably harmed. The ability to use Cash Collateral will allow the Debtor to protect its revenue streams by performing under its contractual obligations on the numerous ongoing projects. The Debtor's inability to fund its operations and fund its payroll would have a disastrous effect on the value of the Debtor's Estate to the detriment of all parties in interest. Accordingly, the interim relief requested is critical to preserving the Debtor's ability to reorganize its affairs through a plan.

## NOTICE OF FINAL HEARING

24. Pursuant to Bankruptcy Rule 4001, the Debtor respectfully requests that it be authorized to serve notice of the Final Hearing and a proposed Final Cash Collateral Order upon: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for any Creditors' Committee, if appointed by such date; and (d) any other party to whom notice is required to be given pursuant to Bankruptcy Rules 2002 and 4001 and the Local Rules. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## NO PRIOR REQUEST

25. No previous request for the relief sought in this Cash Collateral Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of the Interim Order and, following the Final Hearing, entry of a Final Order.

Dated: Brooklyn, New York　　　　　/s/ *Joseph Y. Balisok*
　　　　April 15, 2019　　　　　　　Joseph Y. Balisok
　　　　　　　　　　　　　　　　　　BALISOK & KAUFMAN PLLC
　　　　　　　　　　　　　　　　　　251 Troy Avenue
　　　　　　　　　　　　　　　　　　Brooklyn, NY 11233
　　　　　　　　　　　　　　　　　　Tel: (718) 928-9607
　　　　　　　　　　　　　　　　　　Fax: (718) 534-9747
　　　　　　　　　　　　　　　　　　joseph@lawbalisok.com
　　　　　　　　　　　　　　　　　　*Proposed Attorneys for Debtor and*
　　　　　　　　　　　　　　　　　　*Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                                            Chapter 11

      JUAN ALFARO DESIGN, INC,          Case No. 19-42177-cec

                              Debtor.
-----------------------------------------------------------X

**EMERGENCY INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 AND RULES 4001(b), 4001(d) AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND (II) <u>SCHEDULING A FINAL HEARING</u>**

This matter having come before the Court upon the motion ("Motion Juan Alfaro Design Inc. (the "Debtor"), the debtor in the above-captioned Chapter 11 case (the "Case"), for interim and final orders pursuant to Sections 105, 361, 362 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

(i) authorizing Debtor's use of cash collateral, and (iii) scheduling a hearing (the " Motion"), seeking, inter alia: (1) authorization for the Debtor to use Cash Collateral in accordance with the Budget (as such terms are defined below); (2) a final hearing (the "Final Hearing") on the Motion to be held within 20 days after entry of the entry of this Interim Order to consider entry of a final order (the "Final Order ") authorizing the Debtor's use of the Cash Collateral and granting the adequate protection described herein. The Court having considered the Motion, the Declaration of Juan Alfaro, Chief Executive Officer of the Debtor Containing Information in Support of the Debtor's First Day Motions [Docket Entry No.     ], the exhibits attached thereto, and the evidence and arguments submitted at the interim hearing held on April _____, 2019 (the "Interim Hearing" ); and adequate notice of the Interim Hearing having been provided

in accordance with Bankruptcy Rules 4001 and 9014 and the Local Rules; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by the Court as set forth below; and capitalized terms used but not defined herein having the respective meanings ascribed to such terms in the Motion; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtor and its estate; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  Jurisdiction and Venue. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are Sections 361, 362 and 363 of the Bankruptcy Code, Bankruptcy Rules 4001(b), 4001(d) and 9014 and Local Rule 4001-2. Venue for the Case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Commencement of Case. On April 10, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the E a s t e r n District of New York (the "Court") commencing this Case. The Debtor is continuing in the management and operation of its business and property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case. As of the date of this Interim Order, the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in this Case

(any such committee, the "Creditors' Committee").

C. Debtor's Stipulations. The Debtor admits, stipulates, acknowledges and agrees that (the following paragraphs (C)(i) through (C)(vi) are collectively defined as the "Debtor's Stipulations"): (i) Cash Collateral. All of the Debtor's cash and cash equivalents, including the cash in certain of its deposit accounts, wherever located, whether as original Pre-petition Collateral or proceeds of other Pre-petition Collateral, constitutes cash collateral as such term is defined in Section 363(a) of the Bankruptcy Code (the "Cash Collateral") of the Pre-petition Lender.

D. Need for Use of Cash Collateral. An immediate and critical need exists for the Debtor to use the Cash Collateral to continue to operate its businesses in the ordinary course, pay wages, maintain business relationships with customers, vendors and suppliers, make payroll, pay professionals, make adequate protection payments and to generally conduct its business affairs so as to avoid immediate and irreparable harm to its estate and the value of its assets.

E. Business Judgment and Good Faith. Good cause has been shown for entry of this Interim Order. The relief requested herein is necessary, essential and appropriate to aid the continuation of the Debtor's operations and the preservation and maintenance of its assets and business, absent which the Debtor's ability to maximize the value of its estate for the benefit of its creditors will be irreparably jeopardized, and the Debtor's customers will be significantly and adversely impacted. The authority granted herein to use the Cash Collateral is necessary to avoid immediate and irreparable harm to, and is therefore in the best interests of, the Debtor and its creditors and estate.

F. Notice. Notice of the Interim Hearing on the Motion has been provided by the Debtor,

whether by facsimile, email, overnight courier and/or hand delivery, to certain parties in interest, including: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; (v) counsel to the Pre-petition Lender for itself and the Pre-petition Lender; and (vi) all other parties required to receive notice pursuant to Bankruptcy Rule 4001 or requesting to receive notice prior to the date hereof.

G.    Entry of this Interim Order.  The Debtor has requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2).   The permission granted herein to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

Based upon the foregoing findings and conclusions, the Motion and the record made before this Court, and good and sufficient cause appearing therefor:

IT IS HEREBY ORDERED that:

1.    Authorization to Use Cash Collateral. The Motion is granted on an interim basis on the terms set forth herein.  Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use the Cash Collateral, solely up to the amounts, at the times, in accordance with and for the purposes identified in the Budget (as defined below), until the Termination Date (as defined below). Nothing in this Interim Order shall authorize the disposition of any assets of the Debtor or its estate outside the ordinary course of business, or the Debtor's use of any Cash Collateral or other proceeds resulting therefrom, except as permitted herein and in accordance with the Budget.   The Debtor is expressly prohibited from using the Cash Collateral other than as expressly contemplated in this Interim Order.

2.    Objections Overruled.   All objections to the interim relief sought in the Motion to the extent not withdrawn or resolved are hereby overruled.

3. Use of Cash Collateral. The Debtor may use Cash Collateral from the date hereof to May _____, 2019, one day following the next hearing on the Motion (the Termination" in accordance with the budget Motion (as defined below)

4. Continuation of Pre-petition Procedures. The Debtor shall continue its existing cash management system, and all of the Debtor's deposit accounts and amounts on deposit therein shall be subject to the Pre-petition Liens and the Adequate Protection Liens (as defined below).

5. Budget. The Cash Collateral provided by the Pre-petition Lender to the Debtor shall at all times be used in accordance with the Budget (as defined below).

(a) Generally. Attached hereto as Exhibit A is a 13-week budget (as it may be amended from time to time with the consent of Required Lenders, the "Budget") which reflects on a line-item basis the Debtor's anticipated cumulative cash receipts and expenditures on a weekly basis and all necessary and required cumulative expenses which the Debtor expects to incur on a weekly basis starting on the Petition Date.

(b) Budget Covenants. The cumulative aggregate cash operating disbursements by the Debtor must be no greater than 10% more than the cumulative aggregate amount thereof for such cumulative period as set forth in the Budget, (the "Permitted Variance").

6. Modification of Automatic Stay. The automatic stay imposed under Section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms, rights, benefits, privileges, remedies and provisions of this Interim Order without further notice to any party or motion or application to, order of, or hearing before this Court.

7. Perfection of Adequate Protection Liens. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of all liens granted herein, without

the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, without limitation, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non- bankruptcy law) the Adequate Protection Liens, or to entitle the Pre-petition Lender to the priorities granted herein.

8. <u>Carve-Out.</u>

(a) As used in this Interim Order, the "Carve-Out" means: (i) the quarterly fees and interest thereon required to be paid pursuant to 28 U.S.C. §1930(a)(6); (ii) any fees payable to the Clerk of the Court; (iii) all reasonable fees and expenses incurred by a trustee under Section 726(b) of the Bankruptcy Code in an aggregate amount not to exceed $10,000; (iv) the accrued and unpaid fees and expenses incurred by the professionals retained by the Debtor or any Creditors' Committee, up to the amounts provided for in the Budget (the "Permitted Professional Fees"); provided, however, that with respect to the foregoing clause (iv), such fees and expenses (A) shall be net of any unused retainers held by the respective professionals; (B) will only be paid to the extent allowed by the Court; and (C) will be subject to the rights of the Pre-petition Lender and any other party in interest to object to the allowance thereof.

9. Reservation of Certain Third-Party Rights and Bar of Challenges and Claims. Nothing herein shall prejudice the rights of any party in interest with requisite standing, to: (i) seek to object to or to challenge the findings herein, the Debtor's Stipulations, or any other stipulations herein, including, but not limited to, those in relation to (A) the validity, extent, priority, characterization or perfection of the security interests and liens of the Pre-petition Lender with respect to the Pre-petition Collateral, or (B) the validity, allowability, priority, characterization, secured status or amount of the Pre-petition Obligations evidenced by the Pre-petition LOC

Documents; or (ii) otherwise assert any claim or cause of action, including, without limitation, any derivative action, against the Pre-petition Lender.

10. Rights Preserved. Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the Pre-petition Lender's right to seek any other or supplemental relief in respect of the Debtor; (b) any of the rights of the Pre-petition Lender under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request a modification of the automatic stay of Section 362 of the Bankruptcy Code; (ii) request modified or additional adequate protection; (iii) request dismissal of the Case, conversion of the Case to a case under Chapter 7, or appointment of a Chapter 11 trustee or examiner with expanded powers; or (iv) propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a Chapter 11 plan; or (c) any other rights, claims or privileges (whether legal, equitable or otherwise) of the Pre-petition Lender. Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtor's, any Creditors' Committee's or any party in interest's right to oppose any of the relief requested in accordance with the immediately preceding sentence except as expressly set forth in this Interim Order. Nothing in this Interim Order shall be construed as or deemed to constitute the consent of the Pre-petition Lender to the use, sale or lease of the Pre-petition Collateral, including the Cash Collateral, on any terms other than as expressly provided herein.

11. No Waiver by Failure to Seek Relief. The failure of a Pre-petition Lender to seek relief or otherwise exercise their rights and remedies under the Pre-petition LOC Documents or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of the Pre-petition Lender.

12.     Binding Effect of Interim Order. Immediately upon execution by this Court, the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtor, the Pre-petition Lender, all other creditors of the Debtor, any Creditors' Committee or other committee appointed in the Case, and all other parties in interest and their respective successors and assigns, including any trustee or other estate representative appointed in this Case or any successor case.

13.     Survival. The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in the Case; (b) converting the Case to a case under Chapter 7 of the Bankruptcy Code; (c) dismissing the Case; (d) approving the sale of any Collateral pursuant to Section 363(b) of the Bankruptcy Code; or (e) pursuant to which this Court abstains from hearing the Case. Notwithstanding the entry of any such order, the terms and provisions of this Interim Order, including the claims, liens, security interests and other protections granted to the Pre-petition Lender pursuant to the Pre-petition LOC Documents, shall continue in full force and effect in the Case and shall maintain their priority until Repayment in Full has occurred.

14.     Scheduling of Final Hearing. The Final Hearing to consider entry of the Final Order is scheduled for May _____, 2019 at \_\_\_\_\_:00 a.m./p.m. before the Honorable Carla E. Craig, United States Bankruptcy Judge, on the 3rd floor, in Courtroom 3529, at the United States Bankruptcy Court for the E a s t e r n District of New York. On or before May _____, 2019, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c)

counsel for any Creditors' Committee, if appointed by such date; and (d) any other party to whom notice is required to be given pursuant to Bankruptcy Rules 2002 and 4001 and the Local Rules. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order must file written objections with the Clerk of the Court on or before May _____, 2019 at 4:00 p.m. (Eastern Time) and must serve such objections so that they are received on or before such date by: (i) counsel to the Debtor, Attn: Joseph Y. Balisok, Esq., 251 Troy Avenue, Brooklyn, NY 11213; (ii) counsel to any Creditors' Committee; and (iii); the Office of the United States Trustee for the Eastern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014.

15. Nunc Pro Tunc Effect of this Interim Order. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable nunc pro tunc to the Petition Date immediately upon execution by the parties and approval by the Court.

16. Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

Dated: Brooklyn, New York
       April _____, 2019

                                      HONORABLE CARLA E. CRAIG
                                      UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A