UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                    Chapter 11

      JUAN ALFARO DESIGN, INC,                Case No. 19-42177-cec

                Debtor.
--------------------------------------------------------X


***FINAL*** ~~INTERIM~~ ORDER AUTHORIZING DEBTOR TO PAY
CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS


Upon the Debtor's Motion for ~~Interim~~ ***a Final*** Order Authorizing Debtor to Pay Certain

Prepetition Claims of Critical Vendors (the "Motion") filed by the above-captioned Debtor and

Debtor in Possession (collectively, the "Debtor"); the Court having reviewed the Motion and

having heard the statements of counsel regarding the relief requested in the Motion at a hearing

before the Court (the "Hearing"); and the Court having found that it has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 1334(b) and 157; and the Court having found that venue of these

cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the

Court having found that notice of the Motion has been given as set forth in the Motion and that

such notice is adequate and no other or further notice need ***to*** be given; and the Court having

determined that it may enter a final order consistent with Article III of the United States

Constitution; and the Court having considered the ***Declaration Of Juan Alfaro, Chief Executive***

***Officer Of Juan Alfaro Design, Inc, Containing Relevant Information In Support Of The***

***Debtor's First Day Motions*** ~~First~~ Day Declaration; and the Court having found that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and the

Court having found that the relief sought in the Motion is in the best interests of the Debtor, its

estates, its creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor, ***(CEC)***

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein ~~on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing")~~. ***(CEC)***

2. ~~The Final Hearing shall take place on _____, 2019 at __:__ _.m. (prevailing Eastern Time). Any objections or responses to the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) _____, 2019 and served on the parties required by Local Rule 2002-1(b).~~ ***(CEC)***

3. The Debtor is authorized, but not directed, in the exercise of its reasonable business judgment, to pay, pursuant to Exhibit A of this Order, Critical Vendor Claims in an amount not to exceed $17,847.52 ~~during the interim period from the date of this Interim Order until the date that a final order is entered in this matter,~~ unless otherwise ordered by the Court. ***(CEC)***

4. The Debtor is authorized to pay (a) upon the entry of this Order, Critical Vendor Claims that are past-due as of the date of the entry of this Order, and (b) Critical Vendor Claims that are not past-due as of the date of the entry of this Order in the ordinary course of business when due, not on an accelerated basis; provided, however, that any Critical Vendor that accepts payment pursuant to the authority granted in this ~~Interim~~ ***(CEC)*** Order must agree to supply goods and services to the Debtor post-petition on Customary Trade Terms (as defined below) or on such other terms as are acceptable to the Debtor.

5.      Any Critical Vendor that accepts payment pursuant to the authority granted in this ~~Interim~~ Order shall be deemed to (a) agree to the terms and provisions of this ~~Interim~~ Order and (b) have waived, to the extent paid, applicable pre-petition claims against the Debtor, its assets and its properties. ~~Unless otherwise specified in a Trade Agreement, if~~ ***If*** a portion of a Critical Vendor's Claims are entitled to be treated as an administrative expense claim under Section 503(b)(9) of the Bankruptcy Code, and a portion of the Critical Vendor's Claims are not entitled to such administrative expense treatment, all payments made by the Debtor shall be applied first to reduce the portion of such Critical Vendor Claims that are not entitled to Section 503(b)(9) priority. ***(CEC)***

6.      The Debtor shall condition the payment of Critical Vendor Claims on the agreement of the individual Critical Vendor to continue supplying goods and services to the Debtor on terms that are as or more favorable to the Debtor as the most favorable trade terms, practices, and programs in effect between the Critical Vendor and the Debtor in the one (1) year period preceding the Petition Date (the "Customary Trade Terms"), or such other trade terms as are agreed to by the Debtor and the Critical Vendor ***(the "Trade Agreement"). (CEC)***

7.      The Debtor may, in its sole discretion, declare a Trade Agreement with an individual Critical Vendor terminated, together with the other benefits to the Critical Vendor as contained in this ~~Interim~~ Order ***(CEC),*** on the date the Debtor delivers notice to the Critical Vendor that the Critical Vendor (a) has not complied with the terms and provisions of the Trade Agreement or (b) has failed to continue to provide Customary Trade Terms to the Debtor.

8.      If a Trade Agreement is terminated as set forth above or a Critical Vendor who has received payment of a pre-petition claim later refuses to continue to supply goods and/or services to the Debtor on Customary Trade Terms during the pendency of these Chapter 11 Cases, the Debtor may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its pre-petition Trade Claim to the extent that such payments exceed the post-petition amounts then owing to such Critical Vendor.

9.      If the Debtor fails to pay for goods or services delivered post-petition according to Customary Trade Terms or on other terms agreed to by the Debtor and the Critical Vendor, and the Debtor fails to cure such default within ten (10) days after receiving notice of such default, the Critical Vendor shall have the right to terminate the applicable Trade Agreement, in which event the Critical Vendor shall have no obligation to (a) continue to provide goods or services to the Debtor, or (b) return to the Debtor amounts received from the Debtor in payment of the Critical Vendor Claims.

10.     The execution of a Trade Agreement by the Debtor shall not constitute a waiver of any cause of action, including any avoidance action that may be held by the Debtor.

11.     Nothing herein shall prejudice the Debtor's rights to request additional authority to pay Critical Vendor Claims in excess of $17,847.52 in cash ~~prior to or in connection with the Final Hearing~~. ***(CEC)***

12.     ~~Each of the Banks~~ ***Any bank at which the Debtor maintains an account (CEC)*** is authorized to honor checks presented for payment and all fund transfer requests made by the

Debtor, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

13.     The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Critical Vendor Claims that are dishonored or rejected.

14.     Nothing in the Motion or this ~~Interim~~ Order ***(CEC)***, or the Debtor's payment of any claims pursuant to this ~~Interim~~ Order ***(CEC)***, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtor or its estates; (b) a waiver of the Debtor's right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under Section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtor's rights to seek relief under any Section of the Bankruptcy Code.

15.     The Debtor shall maintain a matrix summarizing (a) the name of each Critical Vendor paid; (b) the amount paid to each Critical Vendor; (c) the type of goods or services provided by each Critical Vendor; and (d) other pertinent information. The Debtor will provide a periodic reconciliation of the foregoing matrix to the United States Trustee for the Eastern District of New York, and report any disbursement made in the monthly operating reports.

16.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17.     ~~Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.~~ ***(CEC)***

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this ~~Interim~~ Order ***(CEC)*** shall be immediately effective and enforceable upon its entry.

19.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this ~~Interim~~ Order ***(CEC)*** in accordance with the Motion.

20.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation and enforcement of this ~~Interim~~ Order. ***(CEC)***



**Dated: Brooklyn, New York**
**April 19, 2019**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**