BALISOK & KAUFMAN, PLLC
251 Troy Avenue
Brooklyn, New York 11213
Phone: (718) 928-9607
Fax: (718) 534-9747
*Proposed Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

    JUAN ALFARO DESIGN, INC,               Chapter 11

                                          Case No. 19-42177-cec

                Debtor.
-----------------------------------------------------------X

**NOTICE OF OMNIBUS MOTION OF DEBTOR FOR ENTRY OF ORDER (I) AUTHORIZING DEBTOR TO REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

      **PLEASE TAKE NOTICE** that, upon the annexed motion of Joseph Y. Balisok, Esq., attorney for Juan Alfaro Design, Inc, ("Debtor"), the annexed exhibits, and Debtor's affirmation in support, a motion will be made before the Honorable Carla E. Craig, Courtroom 3529, at the United States Bankruptcy Court for the Eastern District of New York, at the Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201, on June 11, 2019 at 3:00 p.m., for the entry of an order to set a deadline for authorizing debtor to reject unexpired lease of nonresidential real property and granting related relief.

      **Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to enter an Order granting any of the relief herein requested,

or if you want the court to consider your views on the motion, then on or <u>before</u> June 9, 2019, you or your attorney must:

1.  File with the court a written request for a hearing *or, if the court requires a written response*, an answer, explaining your position, at:

    United States Bankruptcy Court
    Eastern District of New York
    271-C Cadman Plaza East, Ste 1595
    Brooklyn, New York 11201

2.  If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above; You must also send a copy to:

    Balisok & Kaufman, PLLC
    251 Troy Avenue
    Brooklyn, NY 11213

3.  Attend the hearing scheduled to be held on June 11, 2019 at 3:00 p.m. in the United States Bankruptcy Court, located at 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201; and

4.  Take any and all other steps required to oppose a motion under local rule or court order.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: Brooklyn, New York  /s/ *Joseph Y Balisok*
       May 22, 2019  Joseph Y. Balisok
                                                         Balisok & Kaufman, PLLC
                                                       251 Troy Avenue
                                                       Brooklyn, NY 11213
                                                     Telephone: (718) 928-9607
                                                     Facsimile: (718) 534-9747
                                                     joseph@lawbalisok.com

| UNITED STATES BANKRUPTCY COURT | HEARING DATE: June 11, 2019 |
| EASTERN DISTRICT OF NEW YORK | HEARING TIME: 3:00 p.m. (EST) |

-----------------------------------------------------------X

| In re: | Chapter 11 |
| | |
|     JUAN ALFARO DESIGN, INC., | Case No. 19-42177-cec |
| | |
|                   Debtor. | |

-----------------------------------------------------------X

## OMNIBUS MOTION OF DEBTOR FOR ENTRY OF ORDER (I) AUTHORIZING DEBTOR TO REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

Juan Alfaro Design, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents as follows in support of this motion (the "**Motion**"):

### Relief Requested

1. By this Motion, the Debtor requests, pursuant to sections 365 and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**[1]"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), entry of an order (i) authorizing the Debtor to reject the lease of the manufacturing space located at 183 King Street, Brooklyn, New York (the "Fabrication Space Lease"), effective *nunc pro tunc* to the Commencement Date (as defined herein), and (ii) granting related relief.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). A schedule identifying and describing the Manufacturing Space Lease (as defined herein) is annexed to the Proposed Order as **Schedule 1**.

---

[1] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined herein). Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9072-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On April 10, 2019 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

5. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Juan Alfaro in Support of Debtor's Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed April 16, 2019. (Doc#16)

## The Lease

6. As part of its ongoing restructuring efforts, the Debtor is engaging in a comprehensive review and analysis of its lease portfolio. By this Motion, the Debtor, in its reasonable business judgment, seeks to reject the Manufacturing Space Lease. The Debtor seeks

authority to reject the Manufacturing Space Lease *nunc pro tunc* to the Commencement Date.

7. After carefully evaluating the earnings, occupancy costs, and capital - and business - planning variables surrounding the Manufacturing Space, the Debtor concluded that the Manufacturing Space does not meet the requisite performance criteria to rationalize its continued operation. Given the rents and the current market conditions in connection with the Manufacturing Space, the Debtor has concluded, in consultation with its advisors, that the Lease is not marketable and is unlikely to generate any value for the Debtor's estate. As such, the Debtor has determined, in the exercise of its business judgment, that it is in the best interests of its estate to seek authority to reject the Lease. Rejecting the lease will allow the Debtor to avoid the accrual of unnecessary administrative expenses with no foreseeable benefits to the Debtor's estate.

## Relief Requested Should Be Granted

**A. Rejection of the Lease Reflects the Debtor's Sound Business Judgment**

8. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc., 547 B.R. 578, 582* (Bankr. S.D.N.Y. 2016) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.,* 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization"); *In re Bildisco,* 465 U.S. 513, 528 (1984) ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection

can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").

9. The standard applied by courts to determine whether the assumption or rejection of an unexpired nonresidential lease should be authorized is the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate. *See Grp. of Institutional Inv'rs, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R.,* 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected . . . is one of business judgment*"); In re Bildisco,* 682 F.2d 72, 79 (3d Cir. 1982), *aff'd,* 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.,* 290 B.R. 507, 511 (Bankr. D. Del. 2003).

10. In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject leases. *See e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.").

11. Rejection of the Lease is well within the Debtor's business judgment and will serve the best interests of its estate. The Debtor seeks authority to reject the Lease to avoid the incurrence of any additional, unnecessary expenses related to the Lease and the maintenance of the Manufacturing Space. The Debtor has concluded that the cost of maintaining the Manufacturing Space outweighs any revenues that the Manufacturing Space currently generate

or are likely to generate in the future.

12. After evaluation and analysis, the Debtor, with the assistance of its advisors, has determined, in the exercise of its sound business judgment, that there is no net benefit that is likely to be realized from the Debtor's continued efforts to retain the Lease and that there is little, if any, likelihood that the Debtor will be able to realize value from the Lease. Accordingly, the Debtor has concluded that rejection of the Lease is in the best interest of the Debtor's estate, its creditors, and other parties in interest.

B. **Rejection of the Manufacturing Space Lease as of the Commencement Date Is Appropriate**

13. Authorizing the rejection of the Manufacturing Space Lease *nunc pro tunc* to the Commencement Date is consistent with prior rulings of courts in this and other circuits, which have held that a bankruptcy court may authorize the retroactive rejection of a nonresidential lease if the balance of the equities favors such retroactive rejection. See *In re Chi-Chi's, Inc.,* 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.,* 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.),* 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"). Courts recently have authorized debtors to reject unexpired nonresidential leases *nunc pro tunc* to the date that the debtors filed their petitions for bankruptcy protection. *See, e.g., In re Mac Acquisition LLC,* Ch. 11 Case No. 17-12224 (MFW) (Bankr. D. Del. Nov. 13, 2017); *In re Marsh Supermarkets Holding, LLC,* Ch. 11

Case 17-11066 (BLS) (Bankr. D. Del. May 7, 2017); *In re Ltd. Stores Co.,* Ch. 11 Case No. 17-10124 (KJC) (Bankr. D. Del. Jan. 30, 2017).

14. In this instance, the balance of the equities favors approval of the rejection of the Manufacturing Space Lease as of the Commencement Date. Rejection of the Manufacturing Space Lease *nunc pro tunc* to the Commencement Date will allow the Debtor to avoid the unnecessary economic burden of paying rent for the Manufacturing Space — which was recently abandoned — on an administrative expense basis. Furthermore, the counterparties to the Vacant Fabrication Space Lease will not be prejudiced by such retroactive rejection because the Debtor recently surrendered the respective property to the applicable landlord. Accordingly, the equities weigh in favor of retroactive rejection.

### Reservation of Rights

15. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

### Bankruptcy Rules 6004(a) and (h)

16. To implement the foregoing successfully, the Debtor requests that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above, the relief requested herein is necessary to

avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

### Notice

17. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the holders of the thirty (30) largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; (iv) the landlord under the Leases; (v) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the leased premises for each Lease; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

18. While Bankruptcy Rule 6007 requires the Debtor to serve a motion to abandon property on, among others, all of the Debtor's creditors, Local Rule 2002-1(b) abrogates that rule. Accordingly, the Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

*[remainder of page intentionally left blank]*

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:       May 22, 2019
                Brooklyn, New York

                                      */s/ Joseph Y. Balisok*
                                      BALISOK & KAUFMAN, PLLC
                                      251 Troy Avenue
                                      Brooklyn, New York 11213
                                      Phone: (718) 928-9607
                                      Fax: (718) 534-9747
                                      *Proposed Attorneys for the Debtor and Debtor in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                                                         Chapter 11

JUAN ALFARO DESIGN, INC.,                                                   Case No. 19-42177-cec

                                        Debtor.
-----------------------------------------------------------X

## ORDER (I) AUTHORIZING DEBTOR TO REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**[2]") of Juan Alfaro Design, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (i) authorizing the Debtor to reject the Manufacturing Space Lease, effective *nunc pro tunc* to the Commencement Date, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Manufacturing Space Lease identified on **Schedule 1** attached hereto is hereby rejected *nunc pro tunc* to the Commencement Date.

3. The Debtor does not waive any claims that they may have against any counterparty to the Lease, whether or not such claims arise under, are related to the rejection of, or are independent of the Lease.

4. Nothing herein shall prejudice the rights of the Debtor to argue that the Lease was terminated prior to the Commencement Date; that any claim for damages arising from the rejection of the Lease is limited to the remedies available under any applicable termination provision of such Lease; or that any such claim is an obligation of a third party and not that of the Debtor or its estate.

5. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in this Order, any authorization herein shall be subject to the applicable requirements (if any) imposed on the Debtor under any order(s) of this Court approving any postpetition secured debtor-in-possession financing (any such order, a "**DIP Order**"), including, without limitation, any budget in connection therewith. In the event of any conflict between the terms of this Order and a DIP Order, the terms of the applicable DIP

Order shall control (solely to the extent of such conflict).

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

8. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

9. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

10. Any proofs of claim for damages in connection with the rejection of the Lease, if any, shall be filed on or before the later of (a) the claims bar date established by the Court in these chapter 11 cases, if any, and (b) thirty (30) days after entry of this Order.

11. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


NO OBJECTION:

/s/ _____
By:
Title:

                                                     _____
                                                     Hon. Carla E. Craig
                                                     U.S. Chief Bankruptcy Judge

# Schedule 1

## Schedule of Manufacturing Space Lease to Be Rejected

| COUNTERPARTY-LANDLORD AND ADDRESS | DEBTOR | PROPERTY ADDRESS |
|---|---|---|
| 150 Sullivan Street<br>C/o Steven Balasiano, Esq.<br>Balasiano & Assoc., PLLC<br>6701 Bay Parkway, 3rd Floor<br>Brooklyn, NY 11204 | Juan Alfaro Design, Inc. | 183 King Street, Brooklyn, New York, 11231 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:

    JUAN ALFARO DESIGN, INC,          Chapter 11

                                                  Case No. 19-42177-cec
                        Debtor.
---------------------------------------------------------X

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
                                ) ss: Brooklyn
COUNTY OF KINGS     )

      I, Joseph Y. Balisok, hereby declare, under penalty of perjury under the laws of the United States of America, and pursuant to 28 U.S.C. § 1746, that on Wednesday, May 22, 2019, I caused to be served a copy of 1. Notice of Omnibus Motion of Debtor for Entry of Order (i) authorizing debtor to reject unexpired lease of nonresidential real property and (ii) granting related relief, 2. Omnibus Motion of Debtor for Entry of Order (i) authorizing debtor to reject unexpired lease of nonresidential real property and (ii) granting related relief, 3. Order (i) authorizing debtor to reject unexpired lease of nonresidential real property (ii) granting related relief, 4) Exhibit A and Schedule 1, by regular mail upon each of the parties listed on the "Service-List" below by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the United States Postal Service within the Borough of Brooklyn, in the City and State of New York.

Dated:  Brooklyn, New York                  Respectfully submitted,
          May 22, 2019

                                                      /s/ *Joseph Y. Balisok*
                                                      Joseph Y. Balisok
                                                      Balisok & Kaufman, PLLC
                                                      251 Troy Avenue
                                                      Brooklyn, NY 11213
                                                      Tel. No. (718) 928-9607
                                                      Fax No. (718) 534-9747
                                                      Email: joseph@lawbalisok.com

## Service List

Rachel Wolf, Esq.
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014

150 Sullivan Street Realty, LLC
C/O HARVEY M GREENE ESQ
150 Sullivan St
Brooklyn, NY 11231-1113

Better Accounting Solutions
1650 Eastern Pkwy
Brooklyn, NY 11233-4804

Century Waste Services, LLC
623 Dowd Ave
Elizabeth, NJ 07201-2125

Chase Business
270 Park Ave
New York, NY 10017-2014

Con Edison
12 Gold St
Brooklyn, NY 11201

Financial Pacific Leasing
3455 S 344th Way
Auburn, WA 98001-9560

Forward Financing
100 Summer St # 1175
Boston, MA 02110-2106

Funding Circle
747 Front St Fl 4
San Francisco, CA 94111-1922

Kabbage, Inc.
130 W 25th St Fl 8
New York, NY 10001-7473

Lease Corporation of America
3150 Livernois Rd Ste 300
Troy, MI 48083-5000

Liberty Industrial Gases and Welding Supplies
600 Smith St
Brooklyn, NY 11231-2116

M. Ludvik Engineering PC
55 Washington St Ste 555
Brooklyn, NY 11201-1089

MCRL
162 Industrial Blvd Ste 2A
Hanson, MA 02341-1538

NATIONWIDE Insurance & Financial Service
7111 Northern Blvd
Jackson Heights, NY 11372-1046

Partners Capital Investment Group
1330 Avenue of the Americas Fl 22
New York, NY 10019-5494

Penn Stainless Products, Inc.
190 Kelly Rd
Quakertown, PA 18951-4208

Scottrade Bank Equipment Finance
Scottrade Bank
700 Maryville Centre Dr
Saint Louis, MO 63141-5824

Swift Capital
3505 Silverside Rd

Wilmington, DE 19810-4905

TCF Equipment Finance
11100 Wayzata Blvd Ste 801
Minnetonka, MN 55305-5503

Virtua Computers
112 W 34th St Fl 18
New York, NY 10120-0001

Wells Fargo Forklift Lease
420 Montgomery St
San Francisco, CA 94104-1207

Yarde Metals
999 Motor Pkwy
Hauppage, NY 11788