Adam Silverstein, Esq. AS-8641
Silverstein & Saperstein
30 Wall Street, 8th Floor
New York, NY 10005
Tel (212) 233-4995
Fx (646) 762-9857
adamlaw@att.net
Proposed Special Litigation Counsel
for the Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re: Chapter 11

JUAN ALFARO DESIGN, INC,   Case No. 19-42177-cec

Debtor.

---

### DEBTOR'S EMERGENCY MOTION FOR AN ORDER RESTRAINING AND ENJOINING STEVE HASENFELD AND HMH IRON DESIGN, INC. FROM INTERFERING WITH THE PROPERTY OF THE DEBTOR AND COMPELLING THE TURNOVER OF DEBTOR PROPERTY

TO:   THE HONORABLE CARLA E. CRAIG,
      UNITED STATES BANKRUPTCY JUDGE:

JUAN ALFARO DESIGN, INC, the above-captioned debtor and debtor-in-possession (the "debtor"), by Juan Alfaro, President of the Debtor, herewith submits this application (the "application") to restrain and enjoin the unlawful interference with the property of the debtor in violation of the Automatic Stay.

In support of its application, the debtor respectfully avers:

**JURISDICTION**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are Sections 105(a), 362 and 363(e) of Title 11 of the United States Code, (the "Bankruptcy Code").

4. Further relief may be required under Section 9020 of the Federal Rules of Bankruptcy.

**BACKGROUND**

5. The Debtor is a corporation duly formed and existing under the laws of the State of New York and operates a metal design and fabrication business (the "Property").

6. On April 10, 2019, (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

7. The Debtor has sought to continue in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

8. In or about March 2019, pre-petition, the debtor moved the bulk of his tools and materials from the space previously occupied by him at 183 King Street in Brooklyn to a space ostensibly leased by an individual, Steve Hasenfeld, through a corporation of which Mr. Hasenfeld is principal, HMH Iron Design, Inc., a New York Corporation ("HMH").

1. This space is at 53 9th Street, Suite 37B, Brooklyn, New York ("HMH location").

2. Steve Hasenfeld and HMH are ostensibly creditors of the debtor.

3. In or about May 24, 2019, the debtor elected to move back to 183 King Street.

4. However, Mr. Hasenfeld has taken possession of tools and materials belonging to the debtor. Mr. Hasenfeld refuses to permit the debtor to remove its tools and materials from

the HMH location.

5. It appears he claims a pre-petition debt or obligation and is therefore holding the tools and materials.

6. He has used security personnel to physically prevent the debtor from taking his tools and nmaterials.

7. Further, Steve Hasenfeld and HMH have taken the computers belonging to the debtor and the debtor has serious concerns about the safety of his private and confidential information and account data.

8. Annexed hereto as Motion Exhibit A is a list of these tools and materials.

9. Mr. Hasenfeld has asserted dominion and control over essentially all the means of production belonging to the debtor.

10. No lawful agreement exists by which Mr. Hasenfeld could assert such control, and no order of this court has issued to permit this.

11. Mr. Hasenfeld is substantially interfering with the operation of the debtor.

12. Further, and most disturbing, it has come to light that Mr. Hasenfeld is seeking to remove equipment, particularly the expensive waterjet cutting tool, from the HMH location in order to secret it away in another location.

13. If the reorganization plan is to have any chance, the property of the debtor must be secured against such efforts.

**RELIEF REQUESTED**

14. By this motion, pursuant to Sections 105(a), 362 and 363(e) of the Bankruptcy Code, the Debtor seeks entry of a proposed order (the "Order"), annexed hereto as Exhibit B, restraining and enjoining Steve Hasenfeld and HMH from interfering in any way with

the enumerated tools and material belonging to the debtor and further compelling him and HMH to turn over the said property to the debtor forthwith.

15. Steve Hasenfeld and HMH refusing to release what is essentially the entire shop contents of the debtor threatens to have a catastrophic effect on the Debtor's business operations and revenue.

16. There is no way the debtor will be able to accomplish reorganization unless the Court acts to protect the property of the debtor from Mr. Hasenfeld.

17. The Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors and should be granted in all respect.

**ARGUMENT**

18. In accordance with the Automatic Stay, ". . . (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362.

19. A creditor's conduct is "willful" if he "engages in a deliberate act that is done in violation of the automatic stay with knowledge that the debtor has filed a petition in bankruptcy." In re Craine, 206 B.R. 594, 597 (Bankr. M.D. Fla. 1997) (quoting In re Washington, 172 B.R. 415, 419 (Bankr. S.D. Ga. 1994)).

20. In other words, conduct is "willful" if "(1) the creditor knew that the automatic stay was invoked; and (2) the creditor intended the actions which violated the stay." In re Craine, 206 B.R. at 597(citing In re Jove Engineering, 92 F.3d at 1555).

21. Mr. Hasenfeld has appeared at meetings with the U.S. Trustee, and notably has communicated with the Trustee in an angry, accusatory screed.

22. Further, the undersigned has advised Mr. Hasenfeld directly of his obligation to honor the Automatic Stay and to further refrain from interfering with the property of the debtor.

23. There is no doubt he is aware of the filing and of the Automatic Stay.

24. "Willfulness generally connotes intentional action taken with at least callous indifference for the consequences." In re Novak, 223 B.R. at 367(citing In re Jove Engineering, 92 F.3d at 1555(quoting Sizzler Family Steak House, Inc. v. Western Sizzlin Steak House, 793 F.2d 1529, 1535 (11th Cir. 1986)).

25. Mr. Hasenfeld has been writing almost daily mass-missives to the clients of the debtor accusing him of misdeeds and seeking to usurp any business that he can.

26. It is generally accepted that a violation of the automatic stay may be sanctioned as a contempt of court. In re Novak, 223 B.R. 363, 367 (Bankr. M.D. Fla. 1997)(citing In re Jove Engineering, 92 F.3d 1539, 1546 (11th Cir. 1996)).

27. "Section 362 also provides an explicit damage remedy for an individual injured by violation of the stay." In re Novak, 223 B.R. at 36.

28. Several courts of appeals have held that bankruptcy judges have the power to issue civil contempt orders. See, e.g., Matter of Terrebonne Fuel and Lube, Inc. 108 F.3d 609 ((5th Cir. 1997); In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996).

29. However, should the bankruptcy court conclude it lacks the ability to impose the proper punishment for conduct which constitutes contempt, it is nonetheless authorized the bankruptcy court to certify the matter to the district court. 18 U.S.C. 401(a)3.

**NOTICE**

30. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case.

31. Service of this Motion will be made as directed upon:

    a. the Office of the United States Trustee for the Eastern District of New York

    b. Steven Hasenfeld and HMH

32. The Debtor submits that no other or further notice need be provided.

33. No previous motion or application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
       June 6, 2019

                                                  s/ Adam Silverstein
                                        Adam Silverstein, Esq. AS-8641

                                        Silverstein & Saperstein
                                        30 Wall Street, 8th Floor
                                        New York, New York 10005
                                        Tel (212) 233-4995
                                        Fx (646) 762-9857
                                        adamlaw@att.net