BALASIANO & ASSOCIATES, PLLC
6701 Bay Parkway, 3rd Floor
Brooklyn, NY 11204
(347) 905-5669
Attorneys for 150 Sullivan Street Realty


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                        :          Chapter 11
                                             :
JUAN ALFARO DESIGN, INC.                     :          Case No. 19-42177 (CEC)
                                             :
                                             :          Objection Deadline: TBD
                    Debtor.                  :          Hearing Date: TBD
---------------------------------------------------------x

**MOTION OF 150 SULLIVAN STREET REALTY TO COMPEL PAYMENT OF ACCRUED POST PETITION RENT PURSUANT TO 11 U.S.C. § 365(d)(3), OR IN THE ALTERNATIVE FOR AN ORDER DEEMING ITS LEASE REJECTED AND MODIFYING THE AUTOMATIC STAY TO ALLOW <u>LANDLORD TO PURSUE ITS STATE COURT REMEDIES</u>**

150 Sullivan Street Realty ( "150 Sullivan Realty " or "Landlord" or "Movant"), through its undersigned counsel, move this Honorable Court for an Order requiring the Debtor ("Debtor") to pay all accrued post-petition amounts owing and due under its lease, or in the alternative, for an Order deeming the lease rejected, as well as for an Order granting relief from the automatic stay provisions of the Bankruptcy Code pursuant to 11 U.S.C. § 362(d), and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 (b) and 157 (b)(1).

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. Pursuant to Rule 9072-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**"), the Landlord consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. 150 Sullivan Realty is the owner of a building located at 183 King Street in Brooklyn (the "Premises"). Pursuant to a lease dated December 9th 2015, 150 Sullivan Realty leased a portion of the Premises to Juan Alfaro Design for a term to commence on March 1, 2016 through February 28, 2021 (the "Lease") . The Lease has not been assumed or rejected by the Debtor.

5. The post-petition obligations arising under the Lease, consist primarily of unpaid rent and related charges for the month of April, May and June which have not been paid. The following are the approximate amounts owing and due, April 10 through April 30 $7,563.33, May $11,345 and June $11,345 or the aggregate of $30,253.33.

6. On May 22, 2019, Debtor filed a motion to reject the Lease. The motion was scheduled for a hearing on June 11, 2019. On June 5, 2019, the Debtor has abruptly and without notice withdrawn the motion.

## LEGAL ARGUMENT

**A. Movant is entitled to the immediate payment of the accrued post petition rent pursuant to § 365(d)(3) of the Bankruptcy Code.**

7. Section 365 (d)(3) of the Bankruptcy Code provides:

> The Trustee shall timely perform all the obligations of the debtor, except those specified in § 365(b)(2), arising from and after the order for relief under any unexpired lease of

nonresidential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1) or this title.

8. There is no dispute as to the purpose of § 365(d)(3), Congress enacted the statute to ameliorate the perceived inequities that lessors of non-residential property had faced during the period after a chapter 11 filing but before assumption or rejection. See Stone Barn Manhattan LLC 398 B.R. 359 (Bankr.S.D.N.Y. 12808). The following explanation provided by Judge Gropper in the Stone Barn case is instructive:

> Congress leveled the playing field with § 365(d)(3). *In re Cukierman*, 265 F.3d at 850; I*n re Pudgie's Development of NY, Inc.*, 239 B.R. 688, 692 (S.D.N.Y. 199); *In re Comdisco, Inc.*, 272 B.R. 671, 675 (Bankr.N.D.Ill.2002) In effect, § 365(d)(3) required timely payment of rent, and it eliminated the discretion that courts had previously exercised to establish a market rent for use and occupancy, fixing the amount payable for use and occupancy at the rate provided in the lease. *In re Ames Dept. Store, Inc.,*. 306 B.R. 43, 68 (Bankr.S.D.N.Y. 2004). As this Court has observed, many courts "have found § 503(b)(1) to be superseded by § 365(d)(3); to hold otherwise would flout the intent of Congress in that the landlord would still be forced to provide current services while awaiting an evidentiary hearing to determine the actual amount the debtor owed it." *In re P.J. Clarke's Restaurant Corp.,* 116 B.R. 915, 926 (Bankr.S.D.N.Y.1990). *Id*. at page 362.

9. Accordingly, it is clear that § 365(d)(3) requires the Debtors to pay Lease obligations as they come due, thereby balancing the Debtors' decision to retain the leasehold, and the captive landlord's inability to evict the Debtors during the § 365(d)(4) period. See El Paso Props. Corp. v. Gonzalez (In re Furr's Supermarkets, Inc.), 283 B.R. 60, 69 (B.A.P. 10th Cir. 2002); In re: Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001) (holding that Congress, in adopting § 365(d)(3), intended a debtor to perform all leasehold obligations as they came due).

10. The plain language of the Bankruptcy Code, 11 U.S.C. § 365(d)(3),

require Debtor to timely perform all post petition obligations owing and due under the Lease, including the payment of rent and related charges. There is no need for a hearing to determine whether the amount of money owed under the terms of a lease is reasonable, and the obligation to make payment is as of the time the rent obligation accrues, and not at the time other administrative expenses are paid pursuant to a Chapter 11 plan. See e.g. In re Barrister of Delaware, Ltd., 49 B.R. 446, 447 (Bankr. D.Del. 1985); Norritech v. Geonex Corp., 204 B.R. 684 (D.Md. 1997); Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading Co.), 27 F.3d 401, 403 (9th Cir. 1994); In re Rich's Dept. Stores, Inc., 209 B.R. 810 (Bankr. D.Mass. 1997); In re Amber's Stores, Inc., 193 B.R. 819 (Bankr. N.D. Tex. 1996); In Re Dieckhaus, 73 B.R. 969, 972 (Bankr. E.D. Pa. 1987); In re Coastal Dry Dock & Repair Corp., 62 B.R. 879, 882-83 (Bankr. E.D.N.Y. 1986); In re Longua, 58 B.R. 503 (Bankr. W.D. Wisc. 1986), In re M.H.I., Inc., 61 B.R. 69, (Bankr. D.Md. 1986).

11. It is also well established that rent relating to a Debtor's post-bankruptcy use of non-residential real property is entitled to allowance and treatment as an administrative expense. In re Garden Ridge Corp., 323 B.R. 136, 142 (Bankr. D. Del. 2005) ("When the debtor occupies and uses the premises, the landlord is entitled to and administrative expense claim equaling the fair market value of the premises.") Accord, In re DVI, Inc., 308 B.R. 703 (Bankr. D. Del. 2004). The fact that Debtor occupied the Premises is sufficient to establish that payment for such occupancy is a necessary and actual expense of preserving the Debtor's estates. In re Goody's Family Clothing, Inc., 392 B.R. 604, 614 (Bankr. D. Del. 2008) (citing Zagata Fabricators, Inc. v. Superior Air Prods., 893 F.2d 624, 627 (3rd Cir. 1990)).

12. However, merely declaring the rent to be an administrative expense is insufficient in that administrative expenses ordinarily do not have to be paid until the end of a case. See Stone Barn Manhattan, LLC, *supra.* Requiring a Landlord to wait for the payment of

post petition rent would be inconsistent with the reasons for the enactment of § 365(d)(3), particularly if there is an administrative insolvency, which is not beyond the realm of possibility in this case. To avoid such a result, many courts "have found § 503(b)(1) to be superseded by § 365(d)(3); to hold otherwise would flout the intent of Congress in that the landlord would still be forced to provide current services while awaiting an evidentiary hearing to determine the actual amount the debtor owed it. <u>Stone Barn Manhattan, LLC</u>, *supra,* citing "In re P.J. Clarke's Restaurant Corp., 265(B.R. 292, 397) (Bankr. S.D.N.Y. 2001) and *In re Wingspread Corp.*, 116 B.R. 915, 926 (Bankr.S.D.N.Y. 1990).

    13. The language of the Lease provides Movant with a right to payment of attorney's fees when it becomes necessary to take legal action to enforce their contractual right to the payment of rent. Courts often enforce a landlord's contractual right to collect attorney's fees under the circumstances that led to the filing of this Motion. <u>See, e.g., Travelers Cas. & Su. Co. of Am. V. Pacific Gas and El. Co.</u>, 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allowing attorneys' fees"); <u>In re Crown Books Corp.</u>, 269 B.R. 12 (Bankr. D. Del 2001) (holding that when lessors commence legal proceedings to enforce their rights under leases, within the meaning of attorneys fees clauses in leases, lessors were entitled to be compensated for legal fees which they reasonably incurred in prosecuting their objections); <u>In re Beltway Medical, Inc.</u>, 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs the legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to the enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation; <u>In re Entertainment, Inc.</u>, 223 B.R. 141, 151-154 (Bankr. E.D. Ill. 1998) (interest and attorneys fees must be paid as provided for in the assumed lease ); <u>In re</u>

Exchange Resources, Inc., 214 B.R. 366, 371 (Bankr. D. Minn 1997) (legal fees incurred by landlord in collecting post-petition rent "give[s] rise to a priority administrative-expense claim allowable and payable now"); In re MS Freight Distribution, Inc., 172 B.R. 976, 978-79 (Bankr. W.D. Wash. 1994) ("the legislative history of [§ 365(d)(3)] and the language of the section itself mandate that a lessor be paid interest, late fees, and legal fees incurred in the first 60 days of the bankruptcy case").

14. Accordingly, the post petition unpaid rent and related charges owed for the months of April May and June, are required to be paid pursuant to § 365(d)(3) of the Bankruptcy Code, and Movant respectfully requests an order compelling the Debtors to make those payments along with interest, late charges and attorney's fees as provided for in the Leases.

**B.     Pursuant to 11 U.S.C. § 362 (d)(1), cause exists to terminate the automatic stay to permit Movants to exercise the remedies under the Leases.**

15. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

16. The Bankruptcy Code does not define "cause" however, courts have found "cause" existed to grant lessors relief from the automatic stay to pursue their rights under rejected leases and/or applicable state law. *See, In re Seven Stars Restaurant, Inc.*, 122 B.R. 213, 218 (Bankr. S.D.N.Y. 1990) (granting landlord stay relief to pursue state court action for eviction); *see also, In re The Inn at Longshore, Inc.*, 32 B.R. 942, 946 (Bankr. D. Conn. 1983) (granting relief from the automatic stay for "cause" under section 362(d) to permit lessor to

commence and prosecute its rights under the subject lease).

17. As a result of the Debtor's payment default under the Leases, "cause" exists to terminate the automatic stay imposed by Section 362(a) to permit Movant to exercise its rights pursuant to the terms of the Leases to regain possession of their leased premises in accordance with the terms of the Leases and applicable state law.

*18.* Accordingly, Movants respectfully request an Order under § 365(d)(1) of the Bankruptcy Code to terminate the stay in the event Debtor is unable to make the unpaid post petition rent payments described herein.

**Reservation of Rights**

19. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

**Bankruptcy Rules 6004(a) and (h)**

20. To implement the foregoing successfully, the Movant requests that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy

Rule 6004(h). As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Movant. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

### Notice

21. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the holders of the thirty (30) largest unsecured claims against the Debtor; (iii) the Internal Revenue Service; (iv) the landlord under the Leases; (v) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the leased premises for each Lease; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

22. While Bankruptcy Rule 6007 requires the Debtor to serve a motion to abandon property on, among others, all of the Debtor's creditors, Local Rule 2002-1(b) abrogates that rule. Accordingly, the Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE,** Movant prays for an Order Compelling Debtor to immediately pay the accrued post petition rent and related charges described in the body of this Motion, as well as interest, late charges and reasonable attorney's fees, and Movant prays for such further relief as is just and necessary under the circumstances. In the alternative, Movant prays for an Order deeming the Lease rejected and that it be granted relief from the automatic stay provisions of the Bankruptcy Code to permit Movant to exercise its rights to evict Debtor from the Premises pursuant to the Lease and state law, and Movant prays for such further relief as is

just and necessary under the circumstances.

Dated:	June 6, 2019
	Brooklyn, New York

	*/s/ Steven Balasiano*
	BALASIANO & ASSOCIATES, PLLC
	6701 Bay Parkway, 3rd Floor
	Brooklyn, New York 11204
	Phone: (347) 905-5669
	*Attorneys for 150 Sullivan Street Realty*

# EXHIBIT A

DMEAST #13389966 v1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
In re

|   |   |   |
|---|---|---|
|  | : | **Chapter 11** |
| **JUAN ALFARO DESIGN, INC.** | : | **Case No. 19-42177 (CEC)** |
|  | : |  |
|  | : |  |
| **Debtor.** | : |  |

-------------------------------------------------------x

**ORDER GRANTING MOTION OF 150 SULLIVAN STREET REALTY,
TO COMPEL PAYMENT OF ACCRUED POST PETITION RENT PURSUANT TO 11
U.S.C. § 365(d)(3), OR IN THE ALTERNATIVE FOR AN ORDER DEEMING ITS
LEASE REJECTED AND MODIFYING THE AUTOMATIC STAY TO ALLOW
MOVANT LANDLORD TO PURSUE STATE COURT REMEDIES**

Upon consideration of the Motion of 150 Sullivan Street Realty to Compel Payment of Accrued Post Petition Rent, Pursuant To 11 U.S.C. § 365(d)(3), Or In The Alternative For An Order Deeming Its Lease Rejected And Modifying The Automatic Stay To Allow Movant Landlord To Pursue State Court Remedies, Debtor and parties in interests response thereto, and after the Court considering the presentation of the parties at a hearing held to consider the matters raised in the motion, and the Court finding that the factual and legal basis for the relief requested in the motion exists, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Motion has been provided and that no other or further notice is or shall be required; therefore,

IT IS HEREBY ORDERED THAT:

(1) the Motion of 150 Sullivan Street Realty to Compel Payment of Accrued Post Petition Rent,

Pursuant To 11 U.S.C. § 365(d)(3), Or In The Alternative For An Order Deeming Its Lease Rejected And Modifying The Automatic Stay To Allow Movant Landlord To Pursue The State Court Remedies is granted;

(2) the Debtor is hereby ordered to immediately pay 150 Sullivan Street Realty the amount of any unpaid rent or related charges owing under the Lease, as that term is described in the Motion, that became due on or after the date Debtors filed for protection under the Bankruptcy Code. In the event the parties cannot reach an agreement as to the actual amount owing and due, a hearing shall be held at a date to be determined by the Court after further application (OR)

(3) the Lease between 150 Sullivan Street Realty and Debtor as further identified in the Motion, is deemed rejected, and Movant is granted relief from the automatic stay provisions of the bankruptcy code pursuant to § 362(d) for cause for the purpose of evicting the Debtor from the leasehold pursuant to the leases and state law.

_____
Honorable Carla E. Craig
U.S. Bankruptcy Judge