UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:   Chapter 11

JUAN ALFARO DESIGN, INC,                    Case No. 19-42177-cec

Debtor.

---

## SECOND DECLARATION OF ADAM SILVERSTEIN, ESQ. IN SUPPORT OF APPLICATION TO APPOINT SILVERSTEIN & SAPERSTEIN AS SPECIAL CHAPTER 11 COUNSEL

---

1. I am an attorney duly admitted to practice before this Court and a partner of the firm Silverstein & Saperstein, 30 Wall Street, 8th Floor, New York, NY 10005. I affirm the following under penalty of perjury.

2. I submit this Second Declaration in support of the Application of Juan Alfaro Designs, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor") to Employ and Retain Silverstein & Saperstein as special counsel to the Debtor pursuant to §327(e) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") in connection with the above-captioned Chapter 11 case on the terms set forth in the within-referenced Application. I am prepared

3. The purpose of this Declaration is to clarify for the Court and the U.S. Trustee the payment of retainer funds referenced in the Application to Appoint Silverstein & Saperstein as Special Chapter 11 Counsel.

4. On complete review of our billing and receipts, Silverstein & Saperstein had a $1,010 balance due from the debtor incurred prior to the filing of the Petition, based on non-bankruptcy work for the debtor.

5. Silverstein & Saperstein was retained on April 27, 2018 to represent the debtor in non-bankruptcy matters and a retainer of $2,500 was paid. This was exhausted well prior to the §547 period.

6. Silverstein & Silverstein received an additional pre-petition retainer from the debtor in the total amount of $1,500 on March 25, 2019, which is within the §547 period. Of this, $1,010 was initially credited towards a balance for legal fees incurred by the debtor prior to the bankruptcy code §547 period, having been billed in December 2018. The balance was intended for agreements later drafted by Silverstein & Saperstein in April 2019.

7. Deponent concedes that so much of the retainer received by deponent's firm as was credited for pre-petition work is an avoidable preference and Silverstein & Saperstein is prepared to either disgorge this sum as directed by the U.S. Trustee or to apply this entirely to post-petition chapter 11 fees and expenses.

8. An amended order is annexed hereto as Exhibit "A."

Wherefore, your deponent respectfully requests the entry of the annexed order, together with such other and further relief as is proper.

Dated: July 16, 2019

_____
Adam Silverstein, Esq.